STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JAMES MASNIK, PLAINTIFF IN ERROR.

Submitted February 16, 1940—Decided May 2, 1940.

For the plaintiff in error, *David I. Stepacoff*.

For the state, *Charles M. Morris*, Prosecutor of the Pleas.

The opinion of the court was delivered by

HEHER, J. The judgment is affirmed, for the reasons expressed in the opinion of the Supreme Court, save as herein modified.

It is assigned for error that the Middlesex Quarter Sessions refused to arrest judgment on the grounds (a) that the indictment "fails to charge the commission of the crime for which he was sentenced and therefore the conviction was illegal and unconstitutional," and (b) that sections 2:139-1 and 2:139-2

of the Revision of 1937 "are so conflicting as far as a parent is concerned, as not to permit him to be reasonably apprised of the nature and cause of the accusation against him and therefore they are in contravention of the New Jersey Constitution."

In brief, the argument is that "defendant was indicted for the crime of incest which is a crime defined by" section 2:139-1, providing that "Persons who shall intermarry within the degrees prohibited by law, or who, being related within such degrees, shall together commit fornication or adultery, shall be guilty of incest, and punished by fine not exceeding one thousand dollars, or imprisonment at hard labor not exceeding five years, or both;" that, parent and child being within the "degrees prohibited by law" (*R. S.* 1937, 37:1-1), "the crime set forth in the indictment comes within" section 2:139-1, since "the act with which the defendant is charged is that he did 'incestuously have carnal knowledge' of his daughter's body"—the "connotation" being "incest" under section 2:139-1. The insistence is that section 2:139-2 defines the crime of "incestuous conduct" as including sexual intercourse between parent and child; and that "it is evident that the defendant was charged with the crime of 'incest' and was sentenced for 'incestuous conduct,' a crime carrying a greater penalty." It is pointed out that the indictment was endorsed "For Incest;" and it is contended that "this, without question, places the indictment under" section 2:139-1, and therefore there was error in the imposition of sentence as for a high misdemeanor under section 2:139-2.

The Supreme Court ruled that section 2:139-1 "covers incest only," and section 2:139-2 "concerns not only incest but incestuous conduct;" that the indictment "was for incestuous conduct under" section 2:139-2, since plaintiff in error "was not charged with incest but with incestuous conduct in that he did 'incestuously have carnal knowledge of the body of his said daughter.'"

Section 2:139-2 denounces no such crime as "incestuous conduct" *eo nomine.* Both sections interdict incest (although the second includes kindred offenses short of incest itself);

and the indictment charges only that. Carnal knowledge is an ingredient of incest under the statute.

These two sections are to be taken and compared together for the discovery of the legislative intent. Evidently, the law-making body, because of the utter depravity of the offense when it involved the parent-child relationship, designed to classify incest as a high misdemeanor; and so an indictment alleging the accused "incestuously" had "carnal knowledge of the body" of his daughter charges "incest" under section 2:139-2.

It is an elementary canon of construction that the general regulation yields to the particular, and is modified *pro tanto*. The special provision is deemed an exception engrafted upon the general rule. Of course, this formula is in aid of the primary purpose of construction, *i. e.*, the ascertainment of the intention of the law-givers; and it therefore has no applicancy where a contrary intention is plainly revealed by other provisions of the enactment, or those in *pari materia*, viewed together in the light of the general legislative object. And it is especially pertinent where the conflicting provisions have been enacted contemporaneously, as in the case of a revision of the general statute law. Compare *State, Bartlett* v. *Trenton*, 38 *N. J. L.* 64; *State, ex rel. O'Rourke* v. *Dwyer*, 42 *Id.* 327; *Jersey City* v. *Hall*, 79 *Id.* 559; *New Brunswick* v. *Williamson*, 44 *Id.* 165; *affirmed*, 46 *Id.* 204.

The other points argued are ruled by the foregoing considerations, and therefore require no discussion.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.